UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LOWELL COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-00274-WTL-DKL |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Lowell Cooper seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISF 12-04-0180. In that proceeding, he was found guilty of violating prison rules by being in possession of a controlled substance. The determination of this misconduct was based on evidence which showed that in the mid-afternoon of April 17, 2012, he was in possession of an orange strip containing suboxine. Suboxine is a controlled substance.

Contending that the proceeding is tainted by constitutional error, Cooper seeks a writ of habeas corpus. The court finds, however, that there was no error of that nature and that Cooper's habeas petition must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1.   Cooper is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE ' ' 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Cooper was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the

claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

2. Under *Wolff* and *Hill,* Cooper received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Cooper was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed. Specifically, the strip containing the suspected controlled substance tested positive for suboxine on April 20, 2012. As to the severity of the sanction imposed, this is not ordinarily cognizable in an action such as this, *Koo v. McBride,* 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception.

3. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Cooper to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/21/2012

Distribution:

Lowell Cooper
No. 123611
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135

Electronically Registered Counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana